OPINION
Defendant-appellant Titus Jones appeals from an order of the trial court finding him to be an habitual sex offender. Jones contends that the trial court erred by treating his conviction for Disseminating Matter Harmful to a Juvenile as a sexually oriented offense, because it is not a sexually oriented offense as defined in R.C. 2950.01(D). Although Jones did not bring the matter to the attention of the trial court at the time, he contends that it constitutes plain error.
We agree with Jones that the trial court committed plain error when it deemed his conviction for Disseminating Matter Harmful to a Juvenile to be a sexually oriented offense as defined in R.C. 2950.01(D). Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for reclassification of Jones's status as a sexual offender. This appeal does not involve Jones conviction and sentence in the underlying case, which remains unaffected by our judgment on appeal.
 I
In August, 1997, Jones pled guilty to one count of Gross Sexual Imposition, and was sentenced to one year of community control. In March, 1998, Jones pled guilty to Disseminating Harmful Material to a Juvenile, in violation of R.C.2907.31(A)(1). The trial court sentenced Jones to one year on this offense, Jones's earlier community control sanction was revoked, and an eighteen-month sentence was imposed for that offense. The two sentences were ordered to be served consecutively.
On April 2, 1998, the trial court conducted a sexual offender classification hearing. Based upon the two convictions noted above, the trial court found Jones to be an habitual sexual offender, and ordered him to register his status accordingly. There was no objection to the trial court's finding that Jones was an habitual sexual offender.
On appeal from the underlying convictions, the error pertaining to his sexual offender classification was not noticed, and was not addressed. In April, 1999, we affirmed his conviction and sentence.
Jones then filed a timely application to reopen his appeal, arguing that he had been improperly classified as an habitual sexual offender. We granted that motion, to a limited extent.
Jones has filed a brief in support of his reopened appeal, contending that the trial court committed plain error when it classified him as an habitual sexual offender. The State has not filed a brief.
 II
Jones's sole assignment of error is as follows:
 THE TRIAL COURT ERRONEOUSLY FOUND THAT TITUS L. JONES WAS A HABITUAL SEXUAL OFFENDER.
R.C. 2950.01(D) provides for classifications of sexual offenders. The most extreme classification, that of sexual predator, is not involved in this appeal. Jones was found to be in the second category of sexually oriented offenders: an habitual sexual offender. To be an habitual sexual offender, a person who is convicted of a sexually oriented offense must be found to have a prior conviction for a sexually oriented offense, as that term is defined in R.C. 2950.01(D). Although Jones's prior conviction, for Gross Sexual Imposition, qualifies as a sexually oriented offense, his later conviction, for Disseminating Matter Harmful to a Juvenile, is not a sexually oriented offense as defined by R.C.2950.01(D). Accordingly, he is not an habitual sexual offender, as that is defined in R.C. 2950.01(B), and the trial court's finding that he is an habitual sexual offender is plain error, since the result of the hearing would clearly have been otherwise, had the error not occurred.
Jones's sole assignment of error is sustained.
 III
Jones's sole assignment of error having been sustained, the order of the trial court classifying him as an habitual sexual offender and ordering him to comply with the reporting requirements pertaining to habitual sexual offenders is Reversed, and this cause is Remanded for further proceedings in accordance with this opinion. We note that our decision in this appeal in no way affects Jones's conviction and sentence in either of the underlying criminal cases.
WOLFF and KERNS, JJ., concur.
(HON. JOSEPH D. KERNS, Retired from the Court of Appeals, Second Appellate District, Sitting By Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Darnell E. Carter, David H. Bodiker, Theresa G. Haire, HON. GERALD LORIG